IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-04-205-KI |
| | ) | |
| Plaintiff, | ) | OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| RUSSELL WARREN BRENT CLINE, | ) | |
| | ) | |
| Defendant. | ) | |

KING, J.

Defendant Russell Warren Brent Cline pled guilty to three counts of the Second Superseding Indictment, charging him with mail fraud and money laundering. On February 6, 2006, I sentenced Cline to 97 months imprisonment and ultimately ordered restitution in the amount of $16,567,905.20. Before the court is Cline's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (#120). For the reasons below, I deny the petition.

///

///

Page -1- OPINION AND ORDER

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998). Mere conclusory statements in a § 2255 motion are insufficient to require a hearing. United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). If credibility can be conclusively decided based on documentary testimony and evidence in the record, no evidentiary hearing is required. Shah v. United States, 878 F.2d 1156, 1159 (9th Cir.), cert. denied, 493 U.S. 869 (1989). Judges may supplement the record with their own recollections of the plea and sentencing hearings and may use common sense. Id.

## DISCUSSION

Cline contends that he was denied effective assistance of counsel. Although Cline states four grounds in his petition, he actually raises two claims: (1) trial counsel was ineffective

because she refused to give him access to discovery materials;[1] and (2) trial counsel did not properly advise Cline of the effect on his Criminal History Category if he pleaded guilty to a state misdemeanor charge while his federal case was pending.

The government included in the record a declaration by trial counsel and her three investigators, as well as transcripts of Cline's plea hearing and sentencing hearing.

I.   Applicable Law

To prevail on a claim of ineffective assistance of counsel, petitioner must show both (1) that the attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 688 (1984). The question is whether there is a reasonable probability that, absent the errors, the result of the proceeding would have been different. Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998), cert. denied, 119 S. Ct. 1777 (1999). A reasonable probability is less than a preponderance of the evidence and is a probability sufficient to undermine confidence in the outcome. Kyles v. Whitley, 514 U.S. 419, 434-35 (1995); Strickland, 466 U.S. at 693, 695.

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, or what "might be considered sound trial strategy." Strickland, 466 U.S. at 689. Reasonableness is judged as of the time of counsel's conduct, not in hindsight. Id. at 689-90. The petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then

---

[1] This claim covers Cline's first three grounds for relief: (1) trial counsel refused to give Cline access to the discovery provided by the government, despite his repeated requests; (2) trial counsel told Cline that he could not review the discovery because she believed him unable to do so because of his diminished capacity; and (3) Cline never refused to meet with trial counsel to review documents or discuss his defense, but still had no access.

Page -3- OPINION AND ORDER

determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690.

II.     Access to Discovery

Cline contends that he was denied effective assistance of counsel because his trial counsel refused to give him access to discovery materials.

Based on the declarations from the defense team, the government contends that Cline was not only never denied access to discovery materials, but he was supervised to ensure that he actually looked at and commented on the materials. The government also notes that Cline did not mention any problems with his access to discovery during his plea hearing or in a letter he sent to the court at the time of sentencing.

In her declaration, trial counsel explained that she gave Cline a variety of assignments and opportunities to assist in the discovery review but found him unable to concentrate sufficiently to assist unless a member of the defense team sat with him. He often did not attend scheduled sessions. When trial counsel gave Cline material to review outside the office, he lost both the material and the notes he made about it. Trial counsel had Cline evaluated by a neuropsychologist who found no impairment significant enough to support a claim that he was unable to aid and assist in his defense.

The three investigators on the defense team also provided declarations. Investigator Hursey states that Cline was normally late for meetings or caused the meetings to be rescheduled and did not take the time to assist Hursey during or after normal business hours. When present, Cline demanded that the defense team spend time on Cline's other concerns: his financial, emotional, and physical needs; personal, family and employment problems; and problems caused

by violations of his release agreements. According to Hursey, Cline exhibited apathy and a lack of concentration and focus concerning the efforts to investigate his case.

Investigator Mitchell states that Cline was frequently invited to meetings but did not attend. The team made repeated attempts to have Cline review the discovery in their presence so they could memorialize his comments because they believed he would not review the material without that discipline. As well as failing to appear for many scheduled meetings, when Cline did appear he was usually unable to focus on the discovery material for extended periods of time. Instead, he kept digressing to topics of more immediate concern to him, such as his personal relationships or the conditions of his release. Investigator Pierce attended the meetings with Mitchell and corroborates Mitchell's information.

At his plea hearing, Cline told me that he was satisfied with the assistance that his lawyers had given him. When given a chance to speak at his sentencing, Cline did not state any dissatisfaction with trial counsel and thanked me for appointing her to represent him in the civil case prior to being indicted in the criminal case. He submitted a letter to me at the time of his sentencing which did not state any displeasure with trial counsel.

I can also supplement the record with my recollection of Cline's credibility, based on his conduct and the positions he took in the related case, United States Commodity Futures Trading Comm'n v. Orion International, Inc., CV03-603-KI (D. Or.), in which Cline was a defendant. On February 25, 2004, I found Cline in civil contempt because I did not believe Cline's allegations that he had no knowledge of the events that occurred at the Riverwood Drive house when the furnishings there disappeared in his absence. I believed at the time that Cline lacked all credibility. I told him at his sentencing hearing that I thought he had lied to the court about the

Page -5- OPINION AND ORDER

assets the receiver was trying to gather.

Although Cline claims that he tried to review the discovery material but was denied access, his allegations are refuted by trial counsel and the three investigators. Based on my earlier findings concerning Cline's credibility, I accept the version of facts stated by the defense team and not by Cline. According to the defense team, they made extraordinary efforts in an attempt to have Cline assist them by reviewing the discovery material but were unable to get his cooperation. I conclude that trial counsel's performance did not fall below an objective standard of reasonableness. On the contrary, trial counsel's efforts were above average. Consequently, I dismiss Cline's claims concerning his access to discovery.

III.     Plea to State Charge

Cline contends that he was denied effective assistance of counsel because his trial counsel did not properly advise him of the effect on his Criminal History Category if he pleaded guilty to a state misdemeanor charge while his federal case was pending.

The government contends that Cline's claim is palpably incredible in light of the fact that trial counsel is a highly experienced federal criminal practitioner. Furthermore, even if trial counsel did predict that the Criminal History Category would be I instead of II, Cline's sentence of 97 months falls within both applicable advisory guideline ranges. Finally, the government notes that trial counsel vigorously argued that a Criminal History Category of II over-represented the seriousness of Cline's criminal background.

Trial counsel notes that the sentence imposed was at the upper end of the range to which Cline agreed during settlement negotiations. She also states that Cline understood that the alternative to pleading to the state charge was to have his pretrial release revoked. At the time,

Cline was adamant that he wanted to continue on release status pending the federal trial and would not consider other alternatives that would have impacted his sentence differently.

I noted at the sentencing hearing that trial counsel had argued well on all arguments that could be made on Cline's behalf. She argued that Cline's Criminal History Category should be reduced by one level due to the over-representative counting of his near-voluntary stint in Washington County jail. Trial counsel stated in her sentencing letter that she advised Cline to do this to avail himself of drug treatment available at that jail because the federal Pretrial Services was unable to offer him residential treatment for his uncontrolled methamphetamine habit.

Again, for the reasons stated above, I do not accept Cline's allegation that he was not properly advised concerning the effect of his guilty plea. I do accept trial counsel's statement that Cline was fully advised and chose this alternative in an effort to protect his federal release status. I also note that trial counsel tried to mitigate the choice in her argument that his Criminal History Category was over-represented. Moreover, the sentence was not only within the range agreed to between the parties in the plea bargain but also within the advisory guideline range covering both the high and lower Criminal History Category. Accordingly, I conclude that Cline did not receive ineffective assistance of counsel concerning counsel's advice on a guilty plea to the state charge and the plea's effect on his Criminal History Category.

///

///

///

///

///

Page -7- OPINION AND ORDER

## CONCLUSION

Cline's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (#120) is denied.

IT IS SO ORDERED.

Dated this 29th day of June, 2007.

/s/ Garr M. King
Garr M. King
United States District Judge